Argued and submitted February 6, vacated and remanded April 3, petition for review denied August 26, 2003 (335 Or 655)

## STATE OF OREGON,
*Respondent,*

*v.*

## MICHAEL DAVID BENSON,
*Appellant.*

99C43012; A112479

66 P3d 569

Jay Edwards argued the cause and filed the brief for appellant.

Kaye E. McDonald, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Haselton, Presiding Judge, and Linder and Wollheim, Judges.

PER CURIAM

## PER CURIAM

Defendant appeals his judgment of conviction and sentence for two counts of felony murder of one victim based on two theories: burglary and robbery. ORS 163.115. We affirm without discussion four of defendant's five assignments of error. Defendant's fifth assignment is that the trial court erred in failing to merge defendant's convictions of felony murder and in sentencing defendant consecutively on two convictions for the murder of one person. The state concedes error. We agree.

ORS 163.115 elevates a homicide to murder when it is committed in the course of various enumerated felonies. In this case, defendant killed the victim in the course of committing two qualifying felonies. Under *State v. Barrett*, 331 Or 27, 10 P3d 901 (2000), and *former* ORS 161.062(1), *repealed by* Or Laws 1999, ch 136, § 1 (providing for separate punishments for separate statutory violations), only one statutory provision was violated, albeit under two different theories, and therefore only one conviction of felony murder may be entered. The trial court erred in failing to merge defendant's convictions for felony murder.

Judgments of conviction for felony murder vacated and remanded for entry of amended judgment of felony murder reflecting that defendant was convicted based on both theories and for resentencing.